## County of Luzerne *versus* Whitaker.

1. The special tribunal known as the "Seven Years Audit Board," created by the Act of July 16th 1842 (Pamph. L. 391), to "re-audit, settle, and thoroughly investigate the accounts of the public officers of the county," has exclusive jurisdiction in the first instance of the settlement of such accounts.

2. Upon an appeal to the Common Pleas from the decision of the said Audit Board, as provided for by the Act, no items of creditor charge can be introduced which were not submitted to the board. If the accountant by inadvertence omitted certain credits in his account, his remedy, as provided by the Act, is to ask the court to refer the account back to the Audit Board for re-examination.

3. Upon appeal from a decision of said Audit Board finding a balance due by the accountant to the county, the Court of Common Pleas awarded an issue to determine whether the accountant owed the said balance or any part thereof; and the court subsequently permitted the issue to be amended so as to determine, also, whether the accountant was entitled

[County of Luzerne *v.* Whitaker.]

to certain credits which he alleged had been omitted from the account by inadvertence, and which had not been claimed before the board of audit: *Held*, that the action of the court in permitting such amendment to the issue was erroneous.

April 12th 1882.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Luzerne county:* Of January Term 1882, No. 23.

Feigned issue, wherein Aaron Whitaker, late sheriff of Luzerne county, was plaintiff, and the county of Luzerne defendant.

The facts were as follows :—Aaron Whitaker was elected sheriff of Luzerne county in October 1871, for the term of three years.  In May 1877, two years after the expiration of his term of office, the court appointed three persons to act as auditors of the accounts of the public officers of said county (known as the "Seven Years Audit Board") in pursuance of the act of July 16th 1842 (P. L. 391) which provides a follows :

"Section I. Be it enacted, &c.  That the Court of Common Pleas in the county of Luzerne, shall, on the application of one hundred taxable inhabitants of the county, appoint one or more suitable person or persons to act as auditor or auditors, whose duty it shall be to re-audit, settle and thoroughly investigate the accounts of the public officers of the said county : Provided, That before the court confirm the same, they may, on reasonable cause shown, refer the report back to the said auditor or auditors for re-examination : And provided, also : That such investigation shall not extend to public officers that have been out of office for a period exceeding seven years.

"Section II.  The said person or persons appointed in pursuance of the provisions of the first section of this Act, shall have all the powers conferred upon the county auditors, by the Act to which this is a supplement, [Act of April 15th 1834, P. L. 545] and shall receive the same compensation, to be paid out of the county stock, by an order drawn upon the county treasurer by the judges of the Court of Common Pleas of said county : Provided, That the final report of such auditor or auditors shall be filed among the records of the Court of Common Pleas of the county, and shall have the same effect as the report of auditors, filed in pursuance of the provisions of the fifty-fifth section of the Act to which this is a supplement : And provided also, That the party aggrieved by the report of such auditor or auditors may appeal from the said report, in the same manner that an appeal may be granted by the provisions of the several acts of Assembly now in force upon this subject : Provided, That any treasurer whose accounts shall be

examined shall be allowed out of the county treasury for every day he shall attend said examination, one dollar and fifty cents per day, which shall be allowed him by the county commissioners."

Aaron Whitaker appeared before said auditors, who examined his accounts, and on May 25th 1877, filed their report, wherein they found that a balance of $1,339.70 was due by him to the county, and judgment was entered against him for that amount. From this judgment Whitaker took an appeal to the Common Pleas.

On July 26th 1880, the court by agreement of counsel, directed an issue to be framed between the county of Luzerne, plaintiff, and Aaron Whitaker defendant, to try the question whether the said sum of $1,339.70, or any part thereof, should be paid by the defendant—the auditors' report to stand as a declaration, and the defendant to plead nil debet.

On January 14th 1881, upon application of Whitaker, setting forth that he claimed certain credits which by inadvertence and mistake had not been submitted to the auditors, the court directed the said issue, as framed, to be amended, by the addition of the following :—

"And also whether the county of Luzerne is indebted to Aaron Whitaker, late sheriff, for costs on commitments in criminal cases and for costs in Oyer and Terminer and Quarter Sessions cases in January, April, September and November terms and sessions in the year 1872, and also costs in like cases, for January Quarter Sessions and Oyer and Terminer, in the year 1873. And further, upon a certain bill, approved by A. J. Williams, and others, commissioners, amounting to $306.73."

Thereupon counsel for the county obtained a rule to show cause why said amendment should not be stricken off.

Mr. Whitaker alleged that a clerk whom he had employed to prepare statements of his accounts had accidentally omitted to include, as credits, his costs in criminal cases for January, April, September and November terms 1882, and January term 1873, which if allowed would not only wipe out his indebtedness of $1,339.70 as found by the auditors, but would make him a creditor of the county to the amount of $1,452. Depositions taken under said rule showed that these claims were not submitted to nor passed upon by the auditors.

On July 28th 1881, the court discharged said rule to show cause why the amendment to the issue should not be stricken off ; and directed that Aaron Whitaker should be plaintiff and the county of Luzerne defendant in the issue, the parties to plead as in an action of debt. To this order the county of Luzerne filed exceptions. A narr. and pleas were filed, and when the case came on for trial, before WOODWARD, J., counsel

for defendant admitted " that under the issue as framed and amended the plaintiff (Whitaker) is entitled to $1,452. This admission, however, not to be deemed a waiver of the exception to the order of the court in framing and amending the issue, already filed, nor to interfere with its disposition on writ of error."

The court directed the jury to find for the plaintiff. Verdict accordingly for the plaintiff for $1,452.80, and judgment thereon. The county of Luzerne thereupon took this writ of error, assigning for error the action of the court in amending the issue so as to include matters of account which were not presented before the auditors.

*Atherton* and *E. V. Jackson* (with them *Dickson*), for the plaintiff in error.—Under the Act providing for the Seven Years Audit, the auditors had exclusive jurisdiction of the settlement of the sheriff's accounts. He was bound to present all his claims for credit to them. If he by mistake failed to do so the Act provided a remedy by authorizing the court " on reasonable cause shown, to refer the report back to the auditors for re-examination ; " and it also allowed an appeal. Whitaker did appeal, but instead of asking for the report to be referred back to the auditors, asked for an issue to a jury and an amendment thereto, whereby the alleged additional credits should be for the first time investigated ; and the court, overruling our exception, allowed such amended issue. This virtually nullifies the special procedure provided by the Act, and is in no sense an appeal. If this be permitted, the officer need not appear before the auditors at all ; or, if he appear, he may, by intentionally or accidentally withholding a claim, experiment with that tribunal, and long afterwards (in this case more than five years) obtain a more favorable result before a jury, thus putting all the costs upon the county. The Act in question is analogous to that of April 15th 1834 (Purd. Dig. 1404) relating to the settlement of the accounts of township officers, under which it has been held that on appeal no claims can be considered that were not submitted to the auditors : Willard v. Parker, 1 Rawle 448 ; Brown v. White Deer Tp., 3 Casey 109 ; Porter v. School Directors, 6 Harris 144.

*Alexander Farnham* (*Charles Pike* with him), for the defendant in error.—Counsel for the county admit the justice of the credits claimed by Whitaker, and seek a reversal of the judgment on purely technical grounds. But their position is not sound. The right has always been recognized for a defendant before any subordinate tribunal, even though it has exclusive jurisdiction—as before a justice of the peace, or before arbitrators—to permit judgment to go against him by

default, and on appeal to put in his defence and try the case de novo on the merits. If this right exists in one who fails to appear, à fortiori it exists in favor of one who respected the summons but innocently overlooked a portion of his claim. The act of 1842 refers to the prior act of 1832 as to the effect of the auditors' action and report, and that act authorized the auditors to state the accounts of such officers as might refuse to attend, and gave an appeal generally, without qualification. The right of the county to surcharge the officer, on appeal, if valid claims against him had been overlooked, at the audit is unquestioned, and the correlative right, we contend, exists in favor of the officer. That the result reached was a correct and equitable one was formally admitted at the trial, and in such case this court will not reverse by reason of a defect in the form of the issue.

Mr. Justice Sterrett delivered the opinion of the court, October 2d 1882.

The auditors, from whose report the defendant appealed, constituted a special tribunal invested with full power and authority " to re-audit, settle and thoroughly investigate " his accounts, as late sheriff of the county. Their jurisdiction was necessarily exclusive, and their decision final and conclusive, except in so far as provision has been made for re-committing their report, or renewing the same on appeal. The first section of the Act of July 16th 1842 (P. L. 391), under which they were appointed, declares " that the Court of Common Pleas in the county of Luzerne shall, on the application of one hundred taxable inhabitants of the county, appoint one or more suitable person or persons to act as auditor or auditors, whose duty it shall be to re-audit, settle and thoroughly investigate the accounts of the public officers of said county," and make report thereof. On reasonable cause shown, before the confirmation of the report, the court is authorized to re-commit the same to the auditors for re-examination ; and it is further provided that the act shall not apply " to public officers who have been out of office for a period exceeding seven years." The second section of the Act, after defining the powers of the auditors and the effect of their report, provides for an appeal by the party aggrieved ; and thereupon the Court of Common Pleas is authorized to direct an issue, as the case may require, for the purpose of determining the facts in dispute. In thus creating a special tribunal, peculiarly adapted to the examination and settlement of official accounts, it was doubtless intended that the officers named in the Act should appear before the auditors, present their accounts and such claims as they might have against the county, so that everything necessary to a full and

[Payne v. Reese.]

fair settlement, might be duly considered and passed upon; and for the purpose of supplying any omission, or correcting any error in the report, it may, as we have seen, be re-committed for re-examination and correction.

According to the auditors' report, the indebtedness of defendant to the county was $1,339.70. This amount consisted of two separate items, as to which alone the issue was first framed. Afterwards, in January 1881, about three years and a half after the appeal was taken, the issue was amended by order of court, so as to embrace several items of credit which appear to have been then claimed for the first time by the defendant in error. Whether he was aware of their existence before, or, if he was, why he did not present them at the proper time, does not appear. It is very clear, however, that he never presented either of them to the auditors, nor did he ask to have the report re-committed so that they could be considered and passed upon by them. If he could thus avoid submitting to the auditors material items of his claim, he might, with the same propriety, refuse to submit any, and thus practically ignore the authority of the tribunal specially created for the purpose of re-auditing and settling his accounts with the county.

If credits to which defendant was justly entitled were overlooked or omitted by mistake, he should have promptly applied to court for an order re-committing the report, so that they could have been considered and passed upon by the auditors. That was his appropriate remedy, if indeed, in view of his laches and unexplained delay of nearly four years, he was entitled to relief in any form.

It follows from what has been said, that the several specifications of error should be sustained.

Judgment reversed, and a venire facias de novo awarded.